CHANDLER J. WELLS AND CLARA A. MILLS, APPEL-LANTS *v.* THE CITY OF BUFFALO, RESPONDENT.

*New York Constitution, § 17, art. 3 — to what cases applicable.*

Section 17 of article 3 of the Constitution, providing that no act shall be passed, providing that any existing law or any part thereof shall be made or deemed a part of such act, or that any existing law shall be applicable thereto, except by inserting it in such act, does not require that an act amending a prior one, should contain the whole of such prior act.

Such section should only be applied, when, in a subsequent statute a former act is referred to; not for the purpose of amending it but to give effect to the provisions of the new act; that is, the new act must by its express terms provide that an existing law shall be made or deemed a part of it.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action before one of the justices of the Superior Court of Buffalo.

The action was based upon the alleged violation of article 3, section 17, of the Constitution of the State of New York, by the

provisions of chapter 369, of the laws of 1875. The act in question provided, among other things, that when any local assessment in the city of Buffalo should be invalid for irregularity, a reassessment should be made " in the manner provided for making local assessments by the revised charter of said city, as the said charter is contained in chapter five hundred and nineteen, of the laws of eighteen hundred and seventy, and the several amendments thereto, * * * and all such proceedings shall be had for ordering, making, confirming, correcting or annulling such reassessments as are now provided by the said revised charter in cases of original assessments for like improvements."

The appeal was removed into the Supreme Court, in pursuance of section 273 of the Code of Civil Procedure, on account of the inability of a majority of the justices of the Superior Court to hear the same.

*Asher P. Nichols,* for the appellants.

*P. A. Matteson,* for the respondent.

MULLIN, P. J.:

By the charter of the city of Buffalo the common council were authorized to grade and pave the streets of the city, and to assess the property benefited thereby to pay the expense.

The common council did, by ordinance, direct the improvement of Clinton street, in said city, and assessed the expense on the property on said street. Some of the owners commenced an action in the Supreme Court, to set aside said assessment, as not made in conformity to the charter, and it resulted in a judgment annulling the assessment.

In the meantime the legislature passed a law (chap. 369 of the Laws of 1875), empowering the common council to reassess the same, and it was reassessed, and this action is brought to set the reassessment aside on the ground that the law of 1875 is void under section 17 of chapter 3 of the Constitution, which declares that no act shall be passed, which shall provide that any existing law, or any part thereof, shall be made or deemed a part thereof, or which shall be applicable, except by inserting it in such act.

The Supreme Court held the amended act valid, and dismissed the complaint.   I am in favor of affirming the judgment.

The convention never could have intended that in an act amending a prior one, the whole of the latter should be copied into it. This provision in the Constitution will render it almost, if not altogether, an impossibility to frame a law, in which another is referred to, and escape the Constitution and prohibition, unless the former law is copied into it *verbatim et literatim*.   If it is to receive such a construction, the Session Laws, already of alarming proportions, will become vastly larger, much more expensive, and, if possible, more difficult to interpret and understand.

The section referred to should only be applied when in a subsequent statute another act is referred to, not to amend it, but to give effect to the provisions of the new.   In other words, the new act must, by its express terms, provide that an existing law shall be made or deemed a part of it.   This is not done when the new act merely amends the former.

The judgment should be affirmed, with costs.

TALCOTT and SMITH, JJ., concurred.

Judgment affirmed with costs.